**Robert A. BROOKS and Carol M. Brooks, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 88–1493–T.**

United States District Court, D. Kansas.

Oct. 30, 1991.

Donald W. Bostwick, Adams, Jones, Robinson & Malone, Wichita, Kan., for plaintiffs.

Annette B. Gurney, U.S. Attorney's Office, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on plaintiffs' motion to alter or amend or reconsider judgment. The underlying facts of this tax refund case are set forth in a published order in which the court granted summary judgment in favor of defendant. Doc. 30, Order of June 5, 1991, *published at* 766 F.Supp. 993 (D.Kan.). Subsequently, plaintiffs filed the present motion in which plaintiffs made the alternative request to conduct further discovery pursuant to Fed. R.Civ.P. 27(b). The court allowed plaintiffs to take an additional deposition and deferred ruling on the motion pending taking of the deposition and reargument. Order of July 12, 1991, Doc. 37. The court has considered the additional evidence and the parties' arguments and is now prepared to rule on plaintiffs' motion.

The only issue remaining is whether the Hon. Wesley E. Brown, acting in lieu of the stockholders of the Clinton Oil Company ("Clinton"), approved a 1974 stock option plan that had been adopted by Clinton's board of directors. If so, plaintiffs are entitled to the favorable tax treatment available for those stock option plans that are "qualified" as defined under 26 U.S.C. § 422(b)(1). In its June 5, 1991 order, the

court ruled that plaintiffs could demonstrate Judge Brown's alleged approval of the stock option plan either by producing some written record of the approval or "by some present affirmative expression of a distinct recollection by Judge Brown." 766 F.Supp. at 998. Plaintiffs have been unable to produce any evidence of a written record of approval. Thus, the court considers whether plaintiffs have now produced sufficient evidence to create an issue of fact regarding the alleged oral approval by Judge Brown.

The court has reviewed Judge Brown's deposition testimony taken pursuant to the July 12, 1991 order. The cross examination by the government contains the following exchange:

Q. Your Honor, do you have any recollection of reviewing the employee stock option plan?

A. No.

Q. Do you have any present recollection of the meeting referred to in the affidavits of March 20th, 1974 in your chambers with Mr. Volk, Mr. Martin and Mr. Woods? [1]

A. Only, I have no recollection of such a meeting, as such on that date. I have a recollection of meetings but to pick out one meeting and say do I recall that particular meeting, I have none. They were in and out too often and I was getting rid of them. I kept telling them that I wasn't running this company, they were.

Q. Did you ever or do you have a present recollection of making an oral order with respect to the employee stock option plan?

A. No.

Doc. 38, Attachment, at p. 26.

This exchange demonstrates that Judge Brown does not specifically recall the approval of the stock option plan on a certain date. The testimony of Judge Brown reveals that he remembers nothing specific on the subject stock option plan other than his denial of the stock option offering to the board of directors. The testimony of Judge Brown does, however, reveal a general recollection that he may have orally approved the stock option plan in an informal session in his chambers.

The evidence supporting plaintiffs' position is the general practice from which plaintiffs make the inference of approval. Judge Brown refers to a general practice under which the Clinton parties would call on him in chambers and report the proposed action to him. Judge Brown explained:

I think they would come in and ask me what I thought on it and if there was any conflict or any disposition they would tell me that they reported it to the Securities Exchange Commission and I would say, "If there is no conflict, I have no objection to it." Or if it came up with something that I had some feeling in the manner of a suggestion but not to take away the authority of the board.

Doc. 38, Attachment, at p. 21. Upon being informed that no written record or order of his alleged approval existed, Judge Brown stated:

Well, I guess that the board of directors that I said I didn't want them in there, that I would not approve it if they brought it to me. Otherwise I'm sure that I approved it but I have no recollection of the kind of approval except that it was not to go to the board of directors and that, *my approval would have been very frankly if the board of directors thinks this is a good business judgment, I have nothing to, no reason not to approve it.*

*Id.* at p. 25 (emphasis added). The approval to which Judge Brown refers is an inference from a general practice.

Other evidence in this case circumstantially corroborates Judge Brown's general recollection that he did approve of a stock option for Clinton's officers but not directors. The record discloses an employment contract dated May 21, 1973 between Clinton and Richard W. Volk as President providing for a stock option. Doc. 24, Att.

---

1. This question refers to the affidavits of Clinton's Chairman of the Board, its President, and an attorney for Clinton during the SEC litigation. *See* 766 F.Supp. at 997.

A, Exh. 19. Judge Brown's order of May 29, 1973 approved the contract including the stock option. Doc. 24, Att. A, Exh. 20. The SEC also approved Volk's contract including the stock option. Doc. 24, Att. A, Exh. 20. This formal written approval by Judge Brown of Volk's stock option indicates that a similar plan for other officers would also be approved. The Volk employment contract anticipated future stock option plans. Doc. 24, Att. A., Exh. 19, para. 8.

In the same general time frame, minutes from a board of directors meeting disclose formal approval of a stock option plan for officers, with no stock option provision for directors. Doc. 21, Exh. D. This is in conformity with Judge Brown's distinct recollection of his disapproval of the stock option for directors.

The court is convinced from a reading of Judge Brown's deposition as a whole and the other corroborating evidence that a fact question is presented as to whether Judge Brown, acting in the stead of the stockholders, approved the stock option plan. Based on the totality of the evidence—the affidavits by affiants who appear to have no interest in this matter and Judge Brown's general affirmation that he probably gave oral approval to the stock option plan—the court finds that there is a genuine fact issue precluding summary judgment. The final determination will depend on the credibility of the witnesses, which is a matter that cannot be resolved on a motion for summary judgment.

It is regrettable that such an important transaction was not memorialized by a formal written order. Such a written order would have avoided the legal and factual issues before the court. However, judges often do make oral orders and decisions which are binding on the parties. The court prefers truth over form or procedure. The court believes that the shareholder protection envisioned by the drafters of 26 U.S.C. § 422(b)(1) would be furthered by allowing Judge Brown's approval to substitute as the proxy for the shareholders' voice in stock option offerings to the corporation employees. The purpose of the stat-ute and regulation is furthered by the interpretation made here by the court.

The court shall therefore grant the motion to reconsider and shall deny all motions for summary judgment. The evidence from Judge Brown's deposition and the affidavits show a genuine factual issue on approval of the stock option plan for plaintiff.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion to alter or amend judgment or for reconsideration (Doc. 33) be granted. The defendant's motion for summary judgment (Doc. 21) is hereby denied. The plaintiffs' motion for summary judgment (Doc. 24) is hereby denied.

The court shall hold a status conference on December 3, 1991 at 2:00 p.m.